UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 11-151-DCR |
| ) | |
| V. ) | |
| ) | |
| RAYNARD O. MOSLEY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Raynard O. Mosley is currently serving a term of imprisonment of 150 months following his conviction for possession with intent to distribute crack cocaine.[1] [Record No. 23, p. 2] On February 6, 2015, Mosley moved the Court for a reduction of his sentence based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines.[2] [Record

---

[1] Mosley is serving a total term of imprisonment of 187 months. His conviction in this case resulted in a violation of his supervised release in *United States v. Mosley*, U.S. Dist. Ct., E.D. Ky., Central Div. at Lexington, No. 5: 05-CR-106-JCB-2. The 150 month term of imprisonment in this case runs consecutively to a term of imprisonment of 37 months for the supervised release violation. [Record No. 23, p. 2]

[2] Mosley further requests the appointment of counsel and permission to proceed *in forma pauperis*. [Record No. 53, p. 2] In regards to the request for counsel, the Court has determined that appointment of counsel is not necessary. Further, this matter does not require a hearing to resolve the defendant's motion. There is no constitutional right to either counsel or a hearing in proceedings files under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

No. 53] However, because Mosley was determined to be a Career Offender under the United States Sentencing Guidelines ("U.S.S.G."), his guideline range is unaffected by the amendments. [*See* Sentencing Transcript; Record No. 36, pp. 4, 15–19]

The Career Offender provisions provide:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. Under this section, if the maximum statutory penalty for the offense of conviction is life, the offense level is adjusted to 37, subject to a reduction for acceptance of responsibility. This provision has not been modified by the recent guideline amendments.

Mosley entered a guilty plea to Count 1 of the Indictment. [Record No. 22] Mosley's Presentence Investigation Report ("PSR") indicates that, based on the drug quantity attributed to him in this case, the Base Offense Level used to calculate his guideline range

---

A motion filed under 18 U.S.C. § 3582(c)(2) "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information available to the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be a unnecessary and a waste of resources.

Regarding Mosley's request to proceed *in forma pauperis*, the Court notes that a filing fee is not required in connection with motions under 18 U.S.C. § 3582(c)(2).

would have been 26. [PRS, p. 4] However, because of his status as a Career Offender, the offense level was increased to 37. Mosley then received a three-level reduction for acceptance of responsibility, lowering his Total Offense Level to 34. [*Id.*, at 5] Additionally, based on his status as a Career Offender, his Criminal History Category was determined to be VI. Thus, his guideline range was calculated to be 262 to 327 months of imprisonment. [*Id.*, p. 14]

A sentencing hearing was held on November 20, 2012, before now-retired United States District Judge Jennifer B. Coffman. [Record No. 36] During allocution, Judge Coffman stated that a sentence within the guideline range would be greater than necessary in this case. [*Id.*, p. 19] However, Judge Coffman point out that protection of the public, promotion of respect for the law, and specific and general deterrence required a substantial sentence. [*Id.*, pp. 18–19] As a result, it was determined that a sentence of 150 months was sufficient, but not greater than necessary, to meet the goals of sentencing under 18 U.S.C. § 3553(a). [*Id.*, p. 21]

Based upon the recent changes in the Drug Quantity Table, Mosley asserts that the Base Offense Level for the quantity of drugs attributable to him should be reduced by two levels. He is incorrect. Because of his status as a Career Offender under U.S.S.G. § 4B1.1, the Base Offense Level is increased to 37, regardless of the original level. Thus, his non-binding guideline range of 262 to 327 months of imprisonment remains unchanged and 18 U.S.C. § 3582(c) is inapplicable. Further, even if Mosley were eligible for a reduction, it would not be warranted in light of the sentencing goals under 18 U.S.C. § 3553(a), especially

considering that the sentence he received was considerably below the guideline range. Accordingly, it is hereby

**ORDERED** that Defendant Raynard O. Mosley's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 53] is **DENIED**.

This 9th day of February, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge