UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 11-151-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RAYNARD O. MOSLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 21, 2012, Defendant Raynard O. Mosley pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). [Record No. 15] Mosley was sentenced to a total term of imprisonment of 187 months[1] followed by eight years of supervised release. [Record No. 23] On August 5, 2014, Mosley filed a motion for a sentence reduction under 18 U.S.C. § 3582. However, that motion was denied as premature because it was based on a *proposed* amendment to the United States Sentencing Guidelines ("U.S.S.G."). [Record Nos. 48; 49] Subsequently, on February 6, 2015, Mosley filed another motion for a sentence reduction, which the Court denied because Mosley's guideline range was based on his status as a career offender under the Sentencing Guidelines, making the amendments in the drug quantity tables inapplicable. [Record Nos. 53; 54]

---

[1] Mosley was sentenced to 150 months for the offense, and 37 months for violating the terms of his supervised release in *United States v. Mosley*, U.S. Dist. Ct., Eastern District of Ky., Central Div. at Lexington, Criminal Case No. 5: 05-106-JBC-02 (E.D. Ky. 2005).

- 1 -

During that time, Mosley also filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 29] In that motion, Mosley claimed that he should not have been sentenced as a career offender and that he was denied effective assistance of counsel. The Court denied the motion because Mosley's status as a career offender under the Sentencing Guidelines played little or no role in the ultimate sentence imposed, which was 90 months *below* the non-binding guideline range.[2] [Record No. 50, p. 4] The Court further noted that the cases Mosley cited were inappropriate for the request for relief under § 2255. [*Id.*, pp.7−8] The Court also found the ineffective assistance of counsel claim to be without merit. [*Id.*, pp. 10−12] Mosley appealed this Court's determination regarding his motion to vacate, but his appeal was dismissed for lack of prosecution. [Record Nos. 57; 64]

Mosley has now filed another motion requesting relief, which the Court construes as both a: (i) motion for reconsideration of the Court's February 6, 2015, Order regarding his second § 3582 motion, and (ii) successive motion to vacate his sentence under 28 U.S.C. § 2255.[3] [Record No. 65] Mosley contends that the United States Assistant Attorney who

---

[2] Mosley was responsible for possessing with intent to distribute cocaine with a marijuana equivalency of 166.749 kilograms, resulting in a Base Offense level of 26 for purposes of calculating his guideline range. [Record No. 62, p. 4] However, Mosley's prior controlled substance convictions resulted in enhancements under U.S.S.G. § 4B1.1. [*Id.*, p. 5] With a three-level adjustment for acceptance of responsibility, Mosley's Total Offense Level was calculated to be 34. [*Id.*] With a Criminal History Category of VI, his non-binding guideline range was 262−327 months. [*Id.*] Mosley moved for a sentence below the advisory guideline range, which the Court granted. [Record No. 61-1, p. 3]

[3] Although counsel has not been requested, the Court notes that there is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001). A motion filed under 18 U.S.C. § 3582(c)(2) "does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing

prosecuted him should not have filed a "Notice Regarding Enhanced Statutory Punishment" [Record No. 9] because the Department of Justice has since changed its policy in applying 21 U.S.C. § 851. [Record No. 65, pp. 5–7] As a result, he asks the Court to vacate the Government's Notice and the corresponding applicability of the mandatory minimum[4] and enhanced guidelines range. [*Id.*, p. 1] Alternatively, Mosely seeks relief under 18 U.S.C. § 3582.

As an initial matter, Mosley request that the Court constrain prosecutorial discretion in filing notices of enhanced statutory punishment will be denied. It also appears that Mosley's first argument is more suited to a motion to vacate under 28 U.S.C. § 2255, rather than a motion for a sentence reduction under 18 U.S.C. § 3582. Thus, the Court will first address Mosley's construed motion to vacate. Because the defendant has already filed one motion to vacate under 28 U.S.C. § 2255, this motion is considered a second or successive motion to vacate.

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate must be certified as provided in section 2244. This statutory section provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

---

*Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether to appoint counsel. Here, the record and information possessed by the Court from the original sentencing are sufficient to reconsider the Court's ruling on the prior 18 U.S.C. § 3582(c)(2) motion. Therefore, appointment of counsel would be unnecessary and a waste of resources. Further, the interests of justice do not require appointment of counsel under 18 U.S.C. § 3006(A)(a)(2)(B).

[4]   Mosley is subject to a mandatory minimum sentence of imprisonment of ten years due to his prior convictions. 21 U.S.C. §§ 841(b)(1)(B), 851. [Record No. 62, p. 14]

consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Mosley has not filed such a motion with the Sixth Circuit, the present motion to vacate is procedurally barred. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) (successive motion must be certified to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *see also Albo v. United States*, 498 F. App'x 490, 494–95 (6th Cir. 2012).

Because the Court lacks jurisdiction to address Mosley's qualification for statutory and guideline enhancements at this time, its conclusion regarding his motion for a sentence reduction under 18 U.S.C. § 3582 remains unchanged from its February 6, 2015, Order. [Record No. 54] Mosley's advisory guideline range was not calculated *via* the drug quantity tables. Therefore, the amendments do not apply to him. *United States v. Webb*, 760 F.3d 513, 520–21 (6th Cir. 2014) (where Court departed from career offender sentencing range, defendant was still not eligible for § 3582 relief); U.S.S.G. § 1B1.10 cmt. n. 1(A) (applicable guideline range is range determined before consideration of any departure or variance).

Mosley argues that it is "clear" that his sentence was "based on" the guideline range calculated *via* the drug quantity tables because the Court sentenced him below the career offender guideline range. However, at the sentencing hearing, the Court explained that it used the career offender sentencing range as the benchmark. For example, the Court stated that the "guideline sentence is way too long." [Record No. 36, p. 19] Next, the Court

analyzed Mosley's prior federal sentence of 70 months, reasoning that under the Sentencing Guidelines' factors, a sentence of at least double that sentence was necessary and appropriate under the circumstances. [*Id.*, p. 20] Finally, the Court determined that the statutory minimum (120 months) was insufficient. [*Id.*] Thus, it is clear that Mosley's sentence was based on the career offender sentencing range, making him ineligible for § 3582 relief.

Even if Mosley were eligible for a reduction, it would not be warranted in light of the sentencing goals of 18 U.S.C. § 3553(a), especially where he was sentenced well below the guideline range. As a result, the Court will deny Mosley's construed request for reconsideration of its February 6, 2015 Order regarding his second § 3582 motion. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Raynard O. Mosley's construed motion for reconsideration of the Court's February 6, 2015, Order regarding his second § 3582 motion [Record No. 65] is **DENIED**.

2. Mosley's motion [Record No. 65] shall also be construed as a motion for leave to file a second or successive petition for collateral relief under 28 U.S.C. § 2255. The Clerk of Court is **DIRECTED** to transfer that motion to the Sixth Circuit as a second or successive petition in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

This 21st day of December, 2015.



Signed By:
<u>Danny C. Reeves</u>  DCR
United States District Judge